IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CATHERINE PICKLE                                                    PLAINTIFF

VS.                                              CAUSE NO.: 1:08cv251-GHD-JAD

WAL-MART STORES, INC.                                               DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before this Court is Defendant Wal-Mart Stores., Inc.'s ("Wal-Mart") Motion for Summary Judgment. After reviewing the motion, response, rebuttal, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Plaintiff, Catherine Pickle (hereinafter "Plaintiff") filed a Complaint on September 10, 2008, in the Circuit Court of Monroe County, Mississippi, against Wal-Mart Store, Inc. (hereinafter "Wal-Mart") alleging that Wal-Mart negligently created or failed to eliminate an unreasonably dangerous, unsafe and hazardous condition on its premises and failed to warn Plaintiff of the alleged condition. Wal-Mart filed its notice of removal based on diversity of citizenship jurisdiction on September 16, 2008.

The alleged incident occurred when Plaintiff and her daughter, Teresa Cunningham, were shopping at Wal-Mart in Amory, Mississippi, on or around October 18, 2006. While shopping at Wal-Mart, Plaintiff went into the handicapped stall in one of the restrooms. Plaintiff claims when she pulled the tissue out of the dispenser while sitting on the toilet, the dispenser cover and tissue roll fell on her causing the alleged injury to Plaintiff's neck and left shoulder. Plaintiff's daughter, Teresa Cunningham, was shopping while Plaintiff went to the restroom. When Plaintiff did not return from the restroom shortly, Ms. Cunningham went to the restroom and found her

sitting in the stall. Plaintiff told Ms. Cunningham that the tissue dispenser cover had fallen on her left shoulder and neck and that she was in pain. Plaintiff and Ms. Cunningham exited the restroom and informed the Lay-A-Way associate Allison Meaders of the incident and Ms. Meaders announced a "Code White in Lay-A-Way" over the store's intercom system. While waiting on someone to respond to the page, Plaintiff sat on a bench in the area near the Lay-A-Way desk and the restrooms. Plaintiff and her daughter, Ms. Cunningham both claim they noticed a cleaning cart containing a mop, broom and other supplies between the women's and men's restrooms. Plaintiff also said she saw a Wal-Mart associate going in and out of the men's restroom which she assumed meant the associate was cleaning it and re-supplying it at that time. Charles Holcomb, a member of Wal-Mart management, responded to the "Code White" announcement. Mr. Holcomb talked with Plaintiff regarding the alleged incident and prepared a computer generated report to document the occurrence.

The dispenser in question consists of a wall-mounted dispenser with a plastic cover of the toilet paper rolls. The plastic cover is permanently attached at the bottom to the wall-mount and the top of the cover contains a lock that secures the plastic cover to the top of the dispenser. Wal-Mart employees possess a key/tool to open the plastic cover. Wal-Mart has not discovered any evidence of a problem, defect, forceful entry, tampering or damage to the dispenser. In addition, as Plaintiff points out, in Mr. Holcomb's affidavit he says, "[n]o changes or alterations have been made to the toilet tissue dispensers at the Amory, Mississippi, Wal-Mart since Catherine Pickle's alleged injury." In his affidavit, Mr. Holcomb's also stated that Defendant had no knowledge of any problem or defect concerning the dispenser, before or after Plaintiff's injury and that the dispenser is still in use.

As a result of this incident, Plaintiff claims she suffered bodily injuries, pain and suffering, mental anguish, partial loss of enjoyment of life, and medical bills. Wal-Mart filed the present motion for summary judgment arguing that Plaintiff cannot present evidence that a dangerous condition was caused by Wal-Mart's negligence and that Plaintiff cannot present evidence demonstrating Wal-Mart had constructive or actual notice of the dangerous condition. Plaintiff responded, arguing that a jury could infer that the toilet paper dispenser was either left unlocked by a Wal-Mart employee or that a Wal-Mart employee had actual or constructive notice that the dispenser was unlocked.

The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of her claims and therefore, those claims are addressed below.

### B. *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories,

and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To constitute a genuine dispute of material fact, the evidence must be such that it would permit a reasonable jury to return a verdict for the non-moving party. Chaplin v. NationsCredit Corp., 307 F.3d 368, 372 (5th Cir. 2002)(*citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). The party opposing summary judgment may not merely rely upon conclusory assertions of wrongful conduct in an attempt to create a genuine issue of material fact for trial, but instead, must show that the party has legally sufficient evidence in support of their claim so as to allow the litigation to continue. Morris v. Covan World-Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

*C. Discussion*

Mississippi law places the duty on an owner or operator of a business to exercise reasonable care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent to the invitee, which the owner or occupant knows of or should know of in the exercise of reasonable care. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986); Wilson v. Allday, 487 So.2d 793 (Miss.1986); Downs v. Corder, 377 So.2d 603 (Miss. 1979); J.C. Penney Co. v. Sumrall, 318 So.2d 829 (Miss. 1975). However,

the owner or operator is not an insurer against all injuries. Drennan v. The Kroger Co., 672 So.2d 1168, 1170 (Miss. 1996); Kroger, Inc. v. Ware, 512 So.2d 1281 (Miss. 1987); First National Bank of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968); Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579 (Miss. 1967). It is undisputed that the doctrine of *res ipsa loquitur* does not apply in premises liability cases in Mississippi. Therefore, in order for the plaintiff to prevail on her claims against a defendant, the plaintiff must support the claims by showing 1) the defendant's own negligence caused the injury; or 2) the defendant had actual knowledge of the dangerous condition and failed to warn the plaintiff; or 3) the dangerous condition existed for a sufficient amount of time that the defendant had constructive knowledge or should have known of the condition. When a dangerous condition on the premises is caused by the owner or operator's own negligence, no knowledge of its existence need be shown. Waller, 492 So.2d at 285; Douglas v. Great Atlantic & Pacific Tea Co., 405 So.2d 107 (Miss.1981); Miller's of Jackson, Meadowbrook Road, Inc. v. Newell, 341 So.2d 101 (Miss. 1977); Miss. Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).

The threshold question in order to proceed to trial for all three types of premises liability claims is whether there was an unreasonably dangerous condition. In other words, to avoid summary judgment the plaintiff must demonstrate sufficient evidence creating a genuine issue of material fact that the defendant failed "to keep the premises reasonably safe." Vu v. Clayton, 765 So.2d 1253, 1255 (Miss. 2000). Other than Plaintiff's speculative arguments, the only evidence Plaintiff offers to support her claim that the toilet paper dispenser was unreasonably dangerous is that it came open and allegedly caused injuries to her neck and shoulder. These alleged facts are insufficient to create a genuine issue of material fact that the dispenser was unreasonably dangerous. Accordingly, summary judgment should be granted.

However, assuming *arguendo*, that the dispenser in question did constitute an unreasonably dangerous condition, the Court will address each of the three way in which Wal-Mart can be held liable below.

### 1. Defendant's Own Negligence Caused the Injury

"Negligence of the defendant and notice to him may be found from circumstantial evidence of adequate probative value. Stated differently, 'the plaintiff may prove circumstances from which the jury might conclude reasonably that the condition...was one which was traceable to the proprietor's own act or omission.'" Elston v. Circus Circus Mississippi, Inc., 908 So.2d 771, 775 (Miss. App. 2005)(*quoting* Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 585, 156 So.2d 734, 736 (1963)).

The only evidence that Plaintiff presents that links Wal-Mart to the alleged dangerous condition is that only Wal-Mart employees are allowed to have a key/tool to unlock the dispenser. Plaintiff asks the Court to assume the dispenser could only become unlocked by the actions of a Wal-Mart employee. However, there is no evidence that the dispenser was unlocked by an employee, nor is there any evidence that it was in fact unlocked. There is nothing that proves that the dispenser did not become "unlocked" due to the use of the dispenser by either Plaintiff or another bathroom patron. Therefore, the Court is of that opinion that the circumstantial evidence is not of adequate probative value and refuses to assume facts are true that are not before it. The Court finds that there is no evidence that Wal-Mart, through its own negligence, caused the alleged dangerous condition.

### 2. Actual Knowledge of the Alleged Dangerous Condition

The second way Plaintiff can support her claims is by showing that Wal-Mart had actual knowledge of the dangerous condition and failed to warn Plaintiff about it. There is nothing in

the facts that suggests that Wal-Mart was aware of the alleged dangerous condition. In fact, Plaintiff does not argue that Wal-Mart had actual knowledge but relies on her argument that since one of Wal-Mart's employees had to have caused it, actual knowledge was not needed. Mr. Holcomb's affidavit confirms that Defendant had no knowledge of any problem or alleged defect concerning the dispenser, before or after Plaintiff's injury. In fact, the same toilet paper dispenser in question is still in-use today and Mr. Holcomb stated that "[n]o changes or alterations have been made to the toilet tissue dispensers at the Amory, Mississippi, Wal-Mart since Catherine Pickle's alleged injury."

The only evidence before the Court regarding Wal-Mart's actual knowledge consists solely of Plaintiff and her daughter's testimony that they remember seeing a maintenance cart in between the men's and women's bathrooms while they waited to talk to Mr. Holcomb. Plaintiff also stated that she saw a Wal-Mart employee enter the *men's* restroom which Plaintiff assumed was for the purpose of re-stocking the bathroom. However, there is no evidence that the employee was cleaning, re-stocking, or doing any maintenance duty at that time. In addition, Plaintiff does not claim that the employee entered or exited the *women's* restroom around the time of the alleged incident. In addition, Plaintiff's only argument presented in her Memorandum Brief is "that [Wal-Mart] knew about it, as a maintenance associate was seen in the immediate vicinity of the restrooms with a cleaning cart and supplies." Plaintiff's reliance on the presence of a Wal-Mart employee and maintenance cart is nothing more than shear speculation as to how the toilet paper dispenser allegedly became unlocked. The Court finds the facts offered do not meet the necessary requirement to prove Wal-Mart had actual knowledge of the alleged dangerous condition.

### *3. Constructive Knowledge of the Alleged Dangerous Condition*

Plaintiff has failed to show Defendant's own actions created the alleged dangerous condition or that it had actual knowledge of the alleged dangerous condition, therefore, Plaintiff must prove her case through constructive knowledge.

When a dangerous condition on the premises is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence. Waller, 492 So.2d at 285. To establish that the business owner or operator had constructive knowledge, the Plaintiff must prove that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of the condition. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986)(*citing* Douglas v. Great Atlantic and Pacific Tea Co., 405 So.2d 107, 120 (Miss.1981) and Miss. Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. at 584, 156 So.2d at 736 (1963)).

Therefore, the final question is whether the alleged dangerous condition existed for such a length of time that Wal-Mart should have known it existed through the exercise of reasonable care. Again, there is no evidence that that the dispenser was actually unlocked. Plaintiff asks this Court to assume that since it allegedly opened when she pulled the tissue, that it was unlocked. Assuming *arguendo*, that the dispenser had become unlocked, Mr. Holcomb stated that no one had ever brought a problem with the dispenser to his or Wal-Mart's attention. Plaintiff has failed to provide any facts that there had been previous problems with the dispenser or that Wal-Mart was otherwise aware of the alleged dangerous condition. Plaintiff does not claim that the dispenser was open at the time she entered the restroom stall but instead that it fell on her when she pulled the toilet tissue. Plaintiff has failed to submit any evidence regarding the amount of time that lapsed between the last time a maintenance associate was in the women's

restroom re-stocking/cleaning it until the time of Plaintiff's alleged injury. Once again, the only evidence Plaintiff has proffered is that a "maintenance associate was seen in the immediate vicinity of the restrooms with a cleaning cart and supplies." However, Plaintiff admits that she only saw the maintenance associate enter the *men's* restroom and she assumed it was for the purpose of re-stocking it. There is no evidence that the men's or women's restrooms were cleaned and/or re-stocked immediately before or after Plaintiff's alleged accident. Therefore, the Court is of the opinion that the record is void of evidence that the alleged dangerous condition existed for such a length of time that Wal-Mart should have known it existed through the exercise of reasonable care.

### D. Conclusion

After careful review of the record, the Court is of the opinion that Plaintiff has not presented any genuine issue of material fact or any evidence of negligence on the part of Wal-Mart or its employees. "There must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence." Kroger, 512 So.2d at 1282 (Miss. 1987); Penney Co., 318 So.2d at 832. "The basis of liability is negligence and not injury." Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (Miss.Ct.App. 2003)(*quoting* Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966)). Proof merely of the occurrence within business premises is insufficient to show negligence on the part of the Wal-Mart. *See* Byrne, 877 So.2d 462; *see also* Sears, Roebuck & Co., 185 So.2d 916.

In sum, the Court finds that even indulging every inference from the facts in favor of Plaintiff, the circumstantial evidence is not of adequate probative value. Further, the court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to

judgment as a matter of law on all claims. Defendant's motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of December, 2009.

_____
Senior Judge